NOT DESIGNATED FOR PUBLICATION

No. 120,344

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIE JAMES WELLINGTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 5, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Willie James Wellington pled guilty to one count of possession of marijuana, a severity level 5 drug felony, and one misdemeanor count of violating a protective order. At sentencing, the district court found Wellington's criminal history score was B. Wellington moved for a dispositional departure with the State recommending the same. The district court sentenced Wellington to a controlling term of 34 months' imprisonment, but granted a departure of 12 months' probation.

On appeal, Wellington contends that the district court abused its discretion by imposing the sentence when probation sanctions remained an available alternative

1

because he demonstrated a continuing need for drug treatment. We granted Wellington's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded to the motion for summary disposition, and it joined in the request for summary disposition.

On October 5, 2018, Wellington stipulated to violating the terms of his probation by failing to report, failing to comply with a curfew, failing to submit to testing, and consuming alcohol or drugs. Wellington moved for reinstatement to probation arguing that sanctions were appropriate. Citing the circumstances surrounding Wellington's various compliance issues, specifically the failure to report for several months and the failure to obtain drug and alcohol treatment, the district court denied reinstatement, revoked his probation, and imposed the underlying prison sentence.

Our standard of review of a district court's decision to revoke probation is well settled. Once a probation violation has been established, the decision to revoke probation lies within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . .; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Wellington bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Nevertheless, the district court's discretion to revoke probation is limited by the intermediate sanctions requirement outlined in K.S.A. 2018 Supp. 22-3716. Generally speaking, a district court is required to impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Yet, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate

sanctions; one of those exceptions allows the district court to revoke probation if "the welfare of the offender will not be served by such sanction." K.S.A. 2018 Supp. 22-3716(c)(9)(A). The district court revoked Wellington's probation on this basis and imposed his underlying prison sentence, and we affirm that decision.

In addition, it is undisputed that Wellington was granted a dispositional departure to probation. Thus, because Wellington was originally placed on probation as a result of a dispositional departure, the district court could have properly revoked his probation and ordered the imposition of his underlying sentence on that basis—although it did not. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Affirmed.